IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:18-CR-006-D(27) |
| VS. § | |
| § | |
| FOREST GEFFERT, § | |
| TDCJ #2280828, BOP #57312-177, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Forest Geffert's ("Geffert's") November 20, 2023 motion for reconsideration (ECF No. 1848) and his September 2024 motions for "retroactive law" and "for relief" (ECF Nos. 1930 and 1931) are denied.

I

In his motion for reconsideration, Geffert requests that the court (1) reconsider the sentence imposed in this case, (2) run his state and federal sentences concurrently, and (3) award him "back time or . . . a sentence reduction." ECF No. 1848. In substance, Geffert reiterates claims that this court addressed and rejected on October 28 and November 21, 2022. ECF Nos. 1801 and 1802. But he again fails to identify any statutory authority for the court to reduce his sentence or run his sentences concurrently. Consequently, Geffert's motion for reconsideration is an unauthorized motion and the court lacks jurisdiction to entertain it or to grant the relief he seeks. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994) (per curiam) (dismissing motion for reduction of sentence because it "was unauthorized and without jurisdictional basis"); *United States v. Olivares*, 713 Fed. Appx. 353, 353 (5th Cir. 2018) (per curiam) ("[M]otion for concurrent sentences

was an unauthorized motion that the district court lacked jurisdiction to consider." (citing *Early*, 27 F.3d at 141-42)).

II

Liberally construed, Geffert's motions for "retroactive law" and "for relief" seek a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new retroactive criminal history amendment: Amendment 821 to the U.S. Sentencing Guidelines (effective Nov. 1, 2023). *See* ECF Nos. 1929, 1930, and 1931. Geffert also complains of "cruel and unusual punishment" because he has yet to be granted relief under the new retroactive law. ECF No. 1930. On September 13, 2024, however, the clerk of the court mailed to Geffert the required form for a motion to reduce sentence under Amendment 821.

Because the court has supplied Geffert with the required form for seeking relief under Amendment 821, his motions for "retroactive law" and "for relief" are denied without prejudice to his filing a proper motion.

\* \* \*

In sum, Geffert's November 20, 2023 motion for reconsideration is denied for lack of jurisdiction, and his September 2024 motions for "retroactive law" and "for relief" are denied without prejudice to his filing a motion to reduce sentence under Amendment 821 on the court-supplied form.

**SO ORDERED**.

September 20, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE